**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WORLD FUEL SERVICES, INC.,

        Plaintiff-Appellant,

  v.

ANDREW M. MARTIN,

        Defendant-Appellee.

No.   21-35233

D.C. No. 3:16-cv-02303-MO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 13, 2022
Portland, Oregon

Before:  HURWITZ and SUNG, Circuit Judges, and RAYES,** District Judge.

World Fuel Services, Inc., appeals the district court's judgment after a bench

trial in favor of Andrew Martin. World Fuel, a creditor of Evergreen Holdings, Inc.

("Holdings"), alleged that a transfer that Holdings made to Martin in exchange for

a loan Martin made to Holdings's struggling subsidiary, Evergreen Aviation

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

("Aviation"), was a fraudulent conveyance under Or. Rev. Stat. § 95.240(1). The district court found that the transfer was not fraudulent because 1) Holdings received "reasonably equivalent value" for the transfer as part of an integrated transaction, or 2) Holdings received reasonably equivalent value because it indirectly benefited from Martin's loan to Aviation; and that, regardless, 3) Martin was a good-faith transferee under Or. Rev. Stat. § 95.270(5)(a).

We have jurisdiction of World Fuel's appeal under 28 U.S.C. § 1291. "The district court's findings of fact after a bench trial are reviewed for clear error, and its conclusions of law are reviewed de novo." *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017). "Clear error review is deferential to the district court, requiring a 'definite and firm conviction that a mistake has been made.'" *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (citation omitted), *aff'd*, 540 U.S. 644 (2004). We affirm on all grounds cited by the district court, although any single one would be sufficient to uphold the judgment.

1.      The district court did not clearly err in finding that Holdings received reasonably equivalent value for the transfer because it was part of an integrated transaction. We reject World Fuel's contention that an integrated transaction requires evidence that "all parties" (not just all relevant parties) knew of the multiple transactions and intended that they be dependent on each other. *In re Adelphia Communications Corp.*, 512 B.R. 447, 491 (Bankr. S.D.N.Y. 2014), upon

2

which World Fuels relies, does not impose such a stringent requirement. The record establishes that the district court considered the documentary evidence and witness testimony, and its determination that the transfer was part of an integrated transaction is plausible in light of the record viewed in its entirety.[1]

2.     The district court did not clearly err in finding that Holdings received an indirect benefit from Martin's loan to Aviation, which enabled the completion of the Aviation restructuring deal. Holdings received "value" from Martin's loan to Aviation (Holdings's subsidiary) because Holdings's expectation of benefit from Aviation's restructuring was "legitimate and reasonable." *See In re Renegade Holdings, Inc.*, 457 B.R. 441, 445 (Bankr. M.D.N.C. 2011). We reject World Fuel's contention that Aviation's insolvency meant that Holdings could not indirectly benefit from the loan. Aviation's insolvency meant only that Holdings was not entitled to a *presumption* that Holdings indirectly benefited from the loan to Aviation. *See id*. The district court did not err by considering evidence that Holdings indirectly benefited from the loan to Aviation, despite Aviation's insolvency.

---

[1] World Fuel also argues the district court erred by finding an integrated transaction because the documentary evidence does not, in and by itself, establish the required intent and integration. There is, however, no rule requiring conclusive documentary evidence of an integrated transaction. In *Adelphia*, the court found certain testimony lacked credibility; it did not preclude reliance on credible testimony. *See* 512 B.R. at 490, 493.

3.      Finally, the court did not err in finding that Martin is entitled to rely on the statutory good faith lien defense, Or. Rev. Stat. § 95.270(5)(a). World Fuel argues this defense is not available to Martin as a matter of law because he did not give value *directly* to Holdings. The statute provides: "Notwithstanding voidability of a transfer or an obligation under ORS 95.200 to 95.310, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to . . . [a] lien on or a right to retain any interest in the asset transferred . . . ." *Id.* The statute does not require that value be given directly to the debtor. Nor does *In re Johnson*, 357 B.R. 136 (Bankr. N.D. Cal. 2006), which involved a different statute (the Bankruptcy Code), materially different factual circumstances, and did not concern whether a good-faith transferee may give "value to the debtor" indirectly. *See id.* The district court found that Martin acted with subjective good faith, and that finding is not clear error.

      **AFFIRMED.**